ADVOCATE FINANCIAL, LLC     CIVIL ACTION

VERSUS     NO. 12-790-SDD-SCR

HOUCK & RIGGLE, LLC AND
TRACY W. HOUCK

## RULING

This matter is before the Court on a *Motion for Summary Judgment*[1] filed by Plaintiff, Advocate Financial, LLC ("Plaintiff" or "Advocate"). Defendants, Houck & Riggle, LLC and Tracy W. Houck ("Defendants" or "Houck") have filed an *Opposition*[2] to this motion. The parties also filed *Reply* briefs.[3] For the reasons which follow, the Court finds that Advocate's motion should be granted.

### I. FACTUAL BACKGROUND

Advocate is in the business of lending money to lawyers and litigants to furnish litigation costs. Advocate loaned money to the Defendants and their clients to fund various litigation expenses. These loans are reflected by loan documents, including promissory notes allegedly signed by the Defendants.

---

[1] Rec. Doc. No. 16.

[2] Rec. Doc. No. 29.

[3] Rec. Doc. Nos. 30 & 36.

Doc#1067     1

Specifically, on August 25, 2008, to finance litigation, Defendants executed a Master Loan Facility Agreement[4] with total credit available in the amount of $100,000.00, with interest payments to be paid monthly and the principal to be paid at the conclusion of Defendants' lawsuit. In exchange for Advocate extending financing to Defendants and its clients, the law firm would grant Advocate a security interest[5] in various collateral, including future attorney fees on accounts receivables. Also on August 25, 2008, Defendants executed a Law Firm Guaranty Agreement[6] which guaranteed the performance and satisfaction of all sums due to Advocate; on this same date, Defendant Tracy W. Houck executed an Individual Guaranty Agreement[7] which individually guaranteed the performance and satisfaction of all sums due to Advocate by the Defendant law firm and its clients. In connection therewith, the Defendant law firm Houck & Riggle, LLC, executed a promissory note payable to Advocate in the amount of $100,000.00 that was payable on demand. This note further provided that, in the event litigation became necessary to collect on this note, Houck & Riggle agreed to pay reasonable attorney's fees not exceeding 25% of the unpaid balance on the 2008 promissory note.

On August 25, 2009, Houck & Riggle, LLC executed the Amended and Restated Master Loan Facility Agreement[8] which Advocate asserts was a renewal and extension of the 2008 Master Loan Agreement, and not a novation or discharge of the 2008 Agreement.

---

[4] Rec. Doc. No. 1-1.

[5] Rec. Doc. No. 1-2.

[6] Rec. Doc. No. 1-4.

[7] Rec. Doc. No. 1-5.

[8] Rec. Doc. No. 1-6.

The 2009 Agreement contained the same terms and provisions as the 2008 Agreement. A second promissory note[9] was executed along with the 2009 Agreement with the same $100,000.00 payable on demand, and the same 25% allowance of attorney's fees, if necessary. Advocate claims it is uncontested and undisputed, based on the Defendants' answers to interrogatories and other discovery that Defendant, Tracy W. Houck executed both the 2008 and 2009 promissory notes on behalf of Houck & Riggle, LLC.

Advocate contends that in January of 2011, Defendants failed to make the monthly interest payments for the months of December 2009 through January 2011. In March of 2011, Advocate notified the Defendants of their default and demanded that it be cured, which Defendants failed to do.[10]

Advocate has sued Defendants to recover the sums due under the various loan documents, along with reasonable costs and attorney's fees. Advocate has moved for summary judgment. Advocate claims there are no genuine issues of material fact, and that Defendants owe a principal amount of $64,512.40, attorney's fees by virtue of the contract totaling $16,128.10, and accrued interest totaling $33,284.42 as of December 18, 2013, which continues to accrue at $22.54 per day.[11]

The Defendants oppose the *Motion for Summary Judgment* primarily on the grounds that Tracy Houck argues he did not sign any of the 2009 loan documents in either his individual capacity or on behalf of Houck & Riggle, LLC. Defendants also contend that,

---

[9] Rec. Doc. No. 1-7.

[10] *See* Rec. Doc. Nos. 8 & 9.

[11] It should be noted that the Defendants disputed the original amount Advocate claimed it was due; however, Advocate adjusted the amount after finding credits due.

Doc#1067    3

once Advocate corrected the original principal amount it claimed was due, ($ 99,172.40), to the correct principal owed totaling $64,512.40, the Court now lacks jurisdiction because this amount is below the jurisdictional threshold. Defendants contend that costs, interest, and attorney's fees cannot be considered in determining the jurisdictional amount.

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[14] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[15]

If the moving party meets this burden, Rule 56 (c) requires the nonmovant to go

---

[12] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[14] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[15] *Id.* at 1075.

beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[16] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[17] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[18] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[19] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[20]

## B. Subject Matter Jurisdiction

Defendants contend that, after Advocate corrected the principal amount due, this amount does not satisfy the $75,000.00 jurisdictional threshold; therefore, this Court lacks subject matter jurisdiction. Defendants further contend the law is clear that costs, interests, and attorney's fees cannot be considered under Louisiana law in determining the jurisdictional amount.

Generally, the Defendants' assertion is true; however, courts have also clearly held:

---

[16] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[17] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.

[18] *Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075). See also *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[19] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

"In general, attorney's fees are not to be considered **unless a party is entitled to them through a contract or statute**.[21] Thus, "[w]hen a contract or statute at issue in a case contains a provision for the potential award of fees, such fees may be included in the amount in controversy."[22]

Because the promissory note allegedly executed by the Defendants provides for reasonable attorney's fees in the amount of 25% of the principal balance owed, the Court may consider the attorney's fees in determining jurisdictional threshold. Thus, the Court finds that it has subject matter jurisdiction over this matter, as the principal amount allegedly due along with the requested attorney's fees as contemplated by the promissory note exceed $75,000.00.

### C. Allegations Regarding Tracy Houck's Signature

Defendants claim that "Advocate knows Houck has disputed signing the loan documents at issue."[23] Defendants also claim Tracy Houck has been medically unable to conduct his practice for several years. Defendants contend that Advocate cannot satisfy the first requirement for granting summary judgment on a note, which is that the negotiable instrument "must be signed by the maker or drawer... ."[24]

Advocate argues that the Defendants cannot now attempt to create a material issue

---

[21] *Lalisan v. Wyndham Vacation Ownership*, No. 11-2178, 2012 WL 1999646, *2 (W.D. La. 6/1/12), citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)("In determining whether attorney's fees should be included in calculating the amount in controversy for purposes of 28 U.S.C. §§ 1331 and 1332, courts have consistently held that although attorney's fees are generally not included, attorney's fees should be included where they are provided for by contract or statute.")(emphasis added).

[22] *Davenport v. BellSouth Corp.*, 2007 WL 2572317 (W.D. La. 8/20/07), citing *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 874 (5th Cir. 2002).

[23] Rec. Doc. No. 32, p. 3.

[24] *American Bank v. Saxena*, 553 So.2d 836, 842 (La. 1989).

Case 3:12-cv-00790-SDD-SCR   Document 47   02/18/14   Page 6 of 9

of fact as to Tracy Houck's signature because Houck is bound by the admissions to which he swore under oath, specifically his "Response to Request for Admission" Nos. 10, 11, 12, and 14, which all state that the signatures at issue "appear to be that of Tracy W. Houck."[25] Additionally, Advocate directs the Court to Houck's *Answer* to Advocate's *Complaint*, where Houck generally denies all of Advocate's allegations except to admit "that the documents attached were signed and the money transferred."[26] Advocate contends these statements under oath serve as admissions by Tracy Houck that the signatures are his, and Houck is bound by these admissions. Furthermore, nowhere do Defendants argue that the funds were not advanced by Advocate and subsequently received and used by the Defendants.

Advocate also contends that, "[w]hen [a] motion for summary judgment is properly supported, the debtor cannot defeat the motion with a general denial that his signature is valid or authorized; he must raise specific facts."[27] In one case where a credit card holder declared in an affidavit that he had "no recollection" of executing documents relating to his credit card account, the court held that "[t]his weak denial is conclusory and does not raise a sufficient disagreement with his established use of the card and payment history over a four-year period to create a genuine issue of material fact."[28]

---

[25] Rec. Doc. No. 30, p. 2-3, Exhibit A.

[26] *Id.* at p. 4, quoting Rec. Doc. No. 11, ¶ I.

[27] *Capital One, N.A. v. Walters*, 47,157 (La. App. 2 Cir. 6/20/12), 94 So.3d 972, 976, citing *Wesla Fed'l Credit Union v. Henderson*, 26,984 (La.App. 2 Cir. 5/10/95), 655 So.2d 691; *Citibank (South Dakota) NA v. Mayo*, 45,945 (La. App. 2 Cir. 1/26/11), 58 So.3d 960.

[28] *Citibank (South Dakota) N.A. v. Mayo*, 58 So.2d at 963-64, citing *Row v. Pierremont Plaza LLC*, 35,796 (La.App. 2 Cir. 4/3/02), 814 So.2d 124, *writ denied*, 2002–1262 (La.8/30/02), 823 So.2d 952; *Sears, Roebuck & Co. v. Richardson*, 32,951 (La.App. 2 Cir. 4/5/00), 759 So.2d 190.

Case 3:12-cv-00790-SDD-SCR   Document 47   02/18/14   Page 7 of 9

Advocate argues that, "unless specifically denied in the pleadings, each signature on an instrument, such as the Amended Note, is admitted."[29] Advocate claims Houck's counsel indicated that Houck would be amending his responses.[30] Moreover, Advocate argues that even if Houck denied his signature's validity in his pleadings, validity is presumed until he rebuts this presumption with specific evidence that would support a finding that the signatures are forged or unauthorized.[31] Having made no such showing and presenting no evidence to support this contention, the presumption of the validity of Houck's signature stands as a matter of law. Importantly, Defendants do not deny receiving money from Advocate. In fact, Houck made some monthly interest payments on the amounts borrowed, which Advocate contends weakens any denial by Tracy Houck that he did not execute the 2009 loan documents. Thus, Houck's actions in relation to the 2009 promissory note are inconsistent with his recent denial that he signed the note.

Throughout their pleadings and oppositions to the pending *Motion for Summary Judgment*, Defendants have failed to provide any specific facts to support the contention that Tracy Houck did not sign the 2009 note. Based on the applicable law, and the facts of this case, the Court finds that there is no genuine issue of material fact as to whether Houck executed the 2009 Promissory Note both individually and on behalf of Houck & Riggle, LLC.

---

[29] Rec. Doc. No. 30, p. 4, citing La. R.S. 10:3-308.

[30] Defendants moved to amend their Responses to Plaintiff's Requests for Admissions, Rec. Doc. No. 44; this motion was denied as untimely, Rec. Doc. No. 46. The Court finds that the simple denial of signatures without specific facts or evidence to suggest fraud or forgery is insufficient to rebut the legal presumption of validity of the signatures.

[31] *See* La. R.S. 10:3-308 (Comment 1).

Case 3:12-cv-00790-SDD-SCR　　Document 47　　02/18/14　　Page 8 of 9

## III. CONCLUSION

For the foregoing reasons, the *Motion for Summary Judgment* by Advocate Financial, LLC, is GRANTED. The Court is satisfied that Advocate has explained its calculation mistake in the original amount requested and has credited the Defendants appropriately. Advocate shall submit to the Court a proposed judgment within 10 days from the date of this *Ruling* reflecting the amount due and owing under the law.

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 18 day of February, 2014.

*Shelly Dick*

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA